**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 26 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LINCOLN HOPKINS,

      Petitioner - Appellant,

v.

RANDALL G. WORKMAN, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 02-6111
(D.C. No. CIV-01-1512-C)
(W.D. Oklahoma

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se petitioner Lincoln Hopkins seeks a certificate of appealability (COA) so that he might challenge the district court's determination that he is not entitled to habeas relief under 28 U.S.C. § 2254. Through his § 2254 action, Mr. Hopkins seeks to challenge his convictions, following a jury trial, for arson in the first degree, kidnapping for the purpose of extorting sexual gratification, and assault and battery with a deadly weapon. [1]

In his application for COA, Mr. Hopkins argues that the district court erred in (1) determining that his trial and appellate counsel were not ineffective; (2) concluding there was sufficient evidence for the assault and battery conviction; and (3) concluding that the arson statute under which he was convicted was not unconstitutionally vague.

We grant COA only if an appellant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Where the district court has denied a petition on the merits, we grant COA only if it is reasonably debatable that the district court[2] erred in its assessment of the constitutional claims. *See Slack*, 529 U.S. at 484.

---

[1] Following his convictions, Mr. Hopkins appealed to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed these convictions. His subsequent application in state court for post-conviction relief was denied, and that denial was also affirmed by the OCCA.

[2] Here, the district court summarily adopted the magistrate judge's report and recommendation in its entirety. Accordingly, we will refer to the reasoning of the magistrate judge rather than that of the district court.

Where the district court has denied habeas relief on procedural grounds, we grant COA only if (1) it is reasonably debatable that the petition states a valid claim of denial of a constitutional right, and (2) it is reasonably debatable that the district court erred in its procedural ruling. *See id.*

With respect to Mr. Hopkins' claim that his trial counsel was ineffective, the OCCA determined that he had waived this claim because it was not raised on direct appeal. The magistrate judge determined that review of the OCCA's procedural bar ruling was precluded unless Mr. Hopkins could show cause for the default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice would result from failure to consider the claim. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Mr. Hopkins asserted appellate counsel's ineffectiveness as cause for the default. The magistrate judge applied *Williamson v. Ward*, 110 F.3d 1508, 1514 (10th Cir. 1997), requiring Mr. Hopkins to show both that appellate counsel's performance was below an objective standard of reasonableness and that, absent counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. Where the allegation is that appellate counsel erred in failing to raise a claim, there must be a reasonable probability that the omitted claim would have resulted in relief on appeal. *See Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001), *petition for cert. filed* (U.S. May 6,

2002) (No. 01-10121). Accordingly, the magistrate judge examined the merits of the underlying claim that trial counsel was ineffective. *See id.*

In his original § 2254 petition, Mr. Hopkins argued that his trial counsel was ineffective because counsel was appointed only shortly before trial and had inadequate time to prepare. The magistrate judge concluded that Mr. Hopkins had failed to show that the time limitations faced by counsel actually compromised his performance. *See, e.g., United State v. Cronic*, 466 U.S. 648, 664-66 (1984) (examining whether defense counsel's performance was actually adequate rather than deciding effectiveness based on mere existence of time restrictions). Mr. Hopkins has not shown that this approach is reasonably debatable.[3]

Second, Mr. Hopkins argued in his original § 2254 petition that the assault and battery charge was based on an incident with a rake from 1997, which the state dismissed, and which had no connection with the 1998 incident. The magistrate noted that this claim was not raised on direct appeal but was raised for the first time in his application for post-conviction relief, and is therefore procedurally barred. Mr. Hopkins relied on the unavailability of the record as

---

[3] In his application for COA, Mr. Hopkins shifts his focus to the contention that his trial counsel was ineffective because he should have sought suppression of the iron as evidence because it was never tested for fingerprints. Beyond the fact that this argument was not raised in his § 2254 application and is therefore waived, Mr. Hopkins fails to identify why the absence of fingerprint testing would be grounds for suppression.

-4-

cause for his default, but the district court determined that the period of apparent misplacement of the record was during the post-conviction proceedings, not during the time of his direct appeal. The magistrate judge also concluded that to show a fundamental miscarriage of justice, Mr. Hopkins would have to offer evidence of actual innocence, *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993), which he failed to do. Further, the district court noted that the jury acquitted Mr. Hopkins on the count based on an assault with a rake. Mr. Hopkins does not cast doubt on this reasoning through his application for COA. [4]

Finally, with respect to Mr. Hopkins' argument that the arson statute was unconstitutionally vague, the magistrate judge concluded that the OCCA properly applied Supreme Court precedent to conclude that the statute is sufficiently definite that ordinary people can understand what conduct is prohibited, *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

Having reviewed Mr. Hopkins' arguments and the record on appeal, we conclude that he has not shown that it is reasonably debatable that the district court erred.

---

[4] Rather, in his COA application Mr. Hopkins again switches gears and argues that there was insufficient evidence of assault and battery with the iron–presumably the count for which he was actually convicted–because there was no fingerprint evidence from the iron. Again, this claim is waived, and Mr. Hopkins in any case concedes that the victim testified that he used the iron against her.

Petitioner's application for COA is DENIED, his motion to proceed *in forma pauperis* is GRANTED, and the appeal is DISMISSED.

Entered for the Court

Wade Brorby
Senior Circuit Judge